Goolsby *vs.* Bush.

_____

TOLIVER B. GOOLSBY, plaintiff in error, *vs.* WILLIAM W. BUSH, defendant in error.

1. Under section 1951, Code, a promise to pay the debt of a third person is binding when there has been a full performance by the creditor of the conditions of the promise, and which was accepted by the promisor in accordance with the contract.
2. An offense against the person or property of a citizen, and punishable by fine and imprisonment or a more severe penalty, may be settled by the prosecutor and offender when there is no indictment or special presentment. The act of 28th October, 1870, found in section 4706, Code, only affects the right to settle such cases as provided by section 4606, Irwin's Revised Code, after action has been taken by the grand jury.

Statute of frauds. Criminal law. Settlement. Before Judge POTTLE. Oglethorpe Superior Court. April Term, 1874.

Bush sued Goolsby, in the justice court of the two hundred and thirty-sixth district, on the following account:

1872.  *" Toliver B. Goolsby,*

*" To William W. Bush,    Dr.*

"To 41½ bushels corn at $1 31 per bushel......$54 00
"'To balance due on horse.......................... 28 00

_____

$82 00"

The defendant pleaded the general issue, want of consideration, the statute of frauds, and that if he promised to pay the account sued on it was in consideration of the suppression of a prosecution against one George Martin for a misdemeanor.

The justice rendered judgment for the plaintiff, and the defendant appealed to the superior court. Upon the trial in the last mentioned tribunal, the evidence made the following case:

The plaintiff had one George Martin in his employ as a laborer during the year 1871. Martin then became indebted to him the amount of the above account, and agreed that his minor son, Booker, should work for him during the year 1872, for the purpose of paying off the same. Booker accordingly commenced work, but after remaining a few weeks ran off, having been enticed away, as plaintiff believed, by his father, who then resided in Athens. Plaintiff sued out a warrant against George Martin for enticing away his servant during his term of employment. George was accordingly arrested and brought back to Lexington, in Oglethorpe county, accompanied by his son, Booker. At this place plaintiff met the defendant, and entered into a parol contract in reference to said laborers, to the effect that the defendant would employ them on his farm for the year 1872, at a price to be thereafter fixed, and pay to the plaintiff the account which he held against George Martin. The plaintiff, in consideration of the aforesaid, consented to this arrangement; and agreed not to prosecute George any further. He was bound over to appear at the next superior court, to answer for the misdemeanor with which he was charged, the defendant becoming his security. The prosecution was not thereafter pressed. George and Booker worked for the defendant during the year 1872, but he has not paid the account.

The defendant testified that he only agreed that if the laborers were not prosecuted further and were turned over to him for the year 1872, he would pay to the plaintiff what George made after reimbursing himself for whatever it became necessary to furnish him; that before the close of the year defendant notified the plaintiff that the crop of George was gathered and to come and get his pay. That after holding the corn and the money from the cotton, amounting to $40 00, for some time, plaintiff failing to come, on the demand of George, he was compelled to turn the same over to

him. That he never knew the amount of the account which the plaintiff claimed to be due.

The court charged the jury, among other things, as follows: "If defendant promised to pay plaintiff the sum of $82 00, in consideration that the plaintiff would give up the negroes, or his claim on them for their labor in 1872, and if the understanding was that the debt of George Martin was to be canceled or extinguished upon the negroes going to defendant's, and the promise made by the defendant to the plaintiff to pay him the sum due by the negroes, then I charge you that it was the debt of the defendant Goolsby, and not within the statute of frauds."

"I also charge you that if the plaintiff consented for the negroes to quit his employment and go to the defendant, and the defendant assumed the payment of the debt, the negro, Martin, consenting to the arrangement, that was in law an extinguishment of plaintiff's debt upon George Martin, and he could not afterwards collect it out of Martin."

To each of which charges the defendant excepted.

The jury found for the plaintiff. The defendant moved for a new trial because the verdict was contrary to law and evidence, and because of error in the aforesaid charges. The motion was overruled and defendant excepted.

J. D. MATHEWS ; E. C. SHACKELFORD, by Z. D. HARRISON, for plaintiff in error.

W. G. JOHNSON, for defendant.

TRIPPE, Judge.

1. Plaintiff below gave up to the defendant his claim to the servant Booker, under the contract that defendant would pay him the debt due from Martin, the father of Booker. That portion of the contract was executed. Plaintiff lost Brooker's services toward paying the debt due from Martin, and the defendant got them and also the services of Martin himself

under a promise to pay plaintiff's debt. Section 1951 of the Code excepts from the operation of the statute of frauds all cases where there has been performance on one side accepted by the other in accordance with the contract. This case comes within that rule.

2. It was objected that the contract was illegal, because it involved the settlement or compromise of an offense against the penal Code. Section 4609 of Irwin's Revised Code, provides that all offenses not punishable by fine and imprisonment or a more severe penalty, may be settled, etc. The penalty provided for the offense alleged to have been settled, is not fine and imprisonment, nor can it be both: Code, section 4500. Under these sections, it was not illegal to settle it. The act of 1870, Code, section 4706, applies to cases where there has been an indictment found or special presentment made. If either of these exists, then it is that there can be no settlement, unless by the approval and order of the court on examination into the merits of the case. Here there was neither an indictment nor presentment. It may be added that the act making it an offense to entice the servant from his employer, and prescribing the punishment therefor, is unaffected by any act making misdemeanors punishable as provided in section 4310 of the Code. The act of 1866 was subsequent to a somewhat general act on the subject of penalties for misdemeanors and is not controlled by it.

Judgment affirmed.