## JOHNSON *v.* STAPLETON COMPANY.

1. The defendant having undertaken and agreed to pay to the plaintiff certain debts due by a third party to the plaintiff, in consideration of an agreement by the plaintiff to pay the debt of another party which was due the defendant, and the plaintiff having executed and performed his part of the undertaking, by giving a credit upon the debt which the defendant had assumed and agreed to pay, for an amount which was equal to the debt that the latter had assumed and agreed to pay to the former, which credit so entered was agreed to and accepted by the defendant, the undertaking and agreement first recited, upon the defendant's part, was a valid and binding obligation, though in parol.
2. The evidence warranted the verdict.

Submitted July 23, 1908.—Decided February 20, 1909.

Complaint. Before Judge Littlejohn. Webster superior court. November 4, 1907.

*Payton & Hay*, for plaintiff in error.

*S. R. Stevens* and *W. A. Dodson*, contra.

BECK, J. The plaintiff in the court below sued out an attachment against the defendant, and subsequently filed his declaration alleging, in substance, that the defendant was indebted to the plaintiff in the sum of $184.44 principal, on an account; that the account was due and unpaid; that the items of the account were the amounts of separate accounts against certain alleged individuals, who were employees of the defendant and to whom the defendant was indebted for wages; that the defendant agreed and promised, in consideration of the plaintiff's promise to pay to the

defendant an account which defendant held against one Bob Simmons, amounting to the sum of $105, to pay to the plaintiff the several accounts referred to, which were due to the plaintiff from the said employees of the defendant; and that the plaintiff fully executed and performed its promise to defendant by allowing defendant credit on the accounts of the said employees, which the defendant had agreed to pay, "and that said credit was accepted by the defendant," the original debtors agreeing thereto. The defendant demurred to the declaration, on the ground that the "account does not appear to be the debt of W. A. Johnson, but appears to be the debt of others, and there does not appear from the declaration to be any writing signed by this defendant to pay said debts;" and that the obligation, as set out and relied upon to support the action, was within the statute of frauds, and that plaintiff could not recover, as the promise on the part of the defendant was not in writing, but rested in parol.

1. The court below did not err in overruling the demurrer to the declaration. When the defendant undertook and agreed to pay the accounts of certain parties who were indebted to the plaintiff, in consideration of the plaintiff's promise to pay the debt of another party to the defendant, and the plaintiff, in compliance with the agreement thus entered into, gave the defendant credit upon his books for the amount of the debt due to the defendant by the other party referred to, and the defendant, in whose favor this credit was entered, assented thereto, and received the benefit of the credit so entered, the obligation and promise of the other party to the agreement, though in parol, was valid and binding. *Goolsby* v. *Bush,* 53 *Ga.* 353; *Ferst* v. *Bank of Waycross,* 111 *Ga.* 229 (36 S. E. 773).

2. Considering all the testimony in this case, together with the deductions which the jury were authorized to make therefrom, we can not say that the verdict is without evidence to support it, and that the grant of a new trial is demanded.

*Judgment affirmed. All the Justices concur.*